IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRIAN O'HAGAN                                    PETITIONER

V.                    NO. 11-5178

RAY HOBBS,
Director, Arkansas Department
of Correction                                    RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On July 28, 2011, the Defendant/Petitioner, Brian O'Hagan,

(hereinafter "Petitioner"), filed a 28 U.S.C. § 2254 petition,

seeking relief from judgments entered in the Circuit Court of

Benton County, Arkansas, on September 17, 2010 (Case No. 1999-

166-1) and October 8, 2010 (Case No. 2010-125-1). (Doc. 1).  On

September 18, 2012, the undersigned appointed Mr. Bruce Eddy,

Federal Public Defender, to represent Petitioner in this matter,

and on February 11, 2013, Mr. Eddy filed an Amended § 2254

petition. (Docs. 21, 31). A response and reply were filed (Docs

37, 38), and the Court scheduled a hearing for June 20, 2013.

Prior to the hearing, counsel for both parties advised the

undersigned that the record was complete, and waived the

hearing.  Counsel for both parties also advised the undersigned

that they agreed that a writ of habeas corpus should issue in

Case No. 1999-166-1 unless, within 120 days of entry of this

Court's Order, the State of Arkansas initiates new revocation

proceedings in the matter.  Additional briefs were filed

-1-

subsequent thereto. (Docs. 49, 52, 55). The remaining issues in this matter relate to the resolution of the Petitioner's claims regarding Case No. 2010-125-1, as referenced below. The matter is now ripe for report and recommendation.

## BACKGROUND

In Case No. 1999-166-1, Petitioner was charged with two counts of possession of methamphetamine with intent to deliver (Class Y felonies), possession of drug paraphernalia (a class C felony), and being a felon in possession of a firearm (a class D felony).   On June 26, 2000, Petitioner, who was then represented by attorney Robert White, appeared before Benton County Circuit Judge Tom J. Keith and entered a plea of guilty to two counts of simple possession of methamphetamine and one count of possession of drug paraphernalia, all class C felonies. (Doc. 12-1). The negotiated plea represented a reduction of the possession with intent to distribute counts, Class Y felonies, to simple possession counts, Class C felonies, and an agreement to nol pros the felon in possession of a firearm charge.(Doc. 12-1 at pgs. 12-16).

On February 13, 2001, Judge Keith suspended the imposition of sentence and placed Petitioner on probation for 10 years, and directed him to pay $150 court costs and $1,000 fine. (Doc. 31-1 at pgs.21-22).   A document entitled "The Conditions of Suspension or Probation" and another document entitled

-2-

"Defendant's Statement," both dated February 13, 2001, and filed with the Circuit Court of Benton County, confirmed that Petitioner entered a plea of guilty to two counts of possession of a controlled substance and one count of possession of drug paraphernalia, all class C felonies. (Doc. 31-1 at pgs. 48-54).

On April 2, 2001, a Judgment and Disposition and Order of Probation was entered, wherein it incorrectly recited, with regard to the methamphetamine offense, that Petitioner pleaded guilty to two counts of possession of methamphetamine **with intent to deliver**, a class Y felony offense, when the actual plea, as set out above, was to simple possession, a class C felony offense. The Judgment also incorrectly recited that Petitioner pleaded guilty to the felon in possession of a firearm offense, when this charge was to be nol prossed pursuant to the terms of the plea agreement. (Doc. 31-1 at p. 56).

On February 4, 2010, a Criminal Information was filed against Petitioner in Benton County Circuit Court, charging him with three counts:

> 1) Possession with Intent to Deliver a Controlled Substance Sch I, II (Narcotic or Methamphetamine) - A.C.A. 5-64-401(a)(1)(I)
>
> 2) Possession of Drug Paraphernalia (In Course/Furtherance of Felony Drug Violation) - A.C.A. 5-64-403(c)(1)(B) and
>
> 3) Habitual Offender - A.C.A. 5-4-501.

(Doc. 26-2). The previous convictions upon which the Habitual

-3-

Offender count was based (the convictions contained in Case No.
1999-166-1), were erroneously recited in the Information as
follows:

> 1) Possession of a Controlled Substance **With
> Intent to Deliver, Class Y Felony,** Benton County
> Case No. CR 1999-166-1.

> 2) Possession of a Controlled Substance **With
> Intent to Deliver, Class Y Felony,** Benton County
> Case No. CR 1999-166-1.

> 3) Felon in Possession of a Firearm, Class D
> Felony, Benton County Case No. CR 1999-166-1.

> 4) Possession of Drug Paraphernalia, Class C
> Felony, Benton County Case No. CR 1999-166-1.

(Doc. 26-2 at p. 3)(emphasis added).

On August 2, 2010, an Amended Criminal Information was
filed in Case 2010-0125-1, wherein Petitioner was charged as
follows:

> 1) Possession with Intent to Deliver a Controlled
> Substance Sch. I, II (Narcotic or
> Methamphetamine)- A.C.A. 5-64-401(a)(1)(I);

> 2) Possession of Drug Paraphernalia (In
> Course/Furtherance of Felony Drug Violation) -
> A.C.A. 5-64-403(c)(1)(B);

> 3) Manufacturing a Controlled Substance Sch I, II
> (Narcotic or Methamphetamine) - A.C.A. 5-64-
> 401(a)(1)(I);

> 4) Subsequent Convictions - Enhanced Penalties -
> **A.C.A. 5-64-408;** and

> 5) Proximity to Certain Facilities - Enhanced
> Penalties - A.C.A. 5-64-411.

(Doc. 57-1)(emphasis added). The enhancement statute used in the

-4-

Amended Criminal Information was Ark. Code Ann. § 5-64-408, which applies to subsequent convictions for controlled substance offenses; the enhancement statute used in the original Criminal Information was Ark. Code Ann. § 5-4-501(b), which applies to subsequent convictions for other felony offenses. Once again, the previous crimes committed in Case No. CR 1999-166-1 were reflected as involving two Class Y felonies rather than the correct Class C felonies.

At the same time Petitioner was charged with the 2010 offenses, the Benton County Prosecutor's Office also sought revocation of Petitioner's probation in Case No. 1999-166-1, and on September 9, 2010, a probation violation proceeding was held before Benton County Circuit Judge Robin F. Green. (Doc. 31-1 at pgs. 24-67). Petitioner was then represented by attorney John A. Lewright.  When addressing Judge Green at the probation violation hearing, the prosecutor incorrectly referenced Petitioner's prior convictions as Class Y felonies, rather than Class C felonies. (Doc. 31-1 at p. 38). The prosecutor urged the Court to remove Petitioner from society for "the next 15 years," asserting:

> Actually have him locked up, behind bars, in prison for the next 15 years. And to accomplish that goal, the Court will have to sentence him to 40 years in the Department of Corrections on one of the Y felonies and then 20 years consecutive on another Y felony. For us to ensure that he is removed from society for the next 15 years,

AO72A
(Rev. 8/82)

> you'll have to enter a 60-year sentence and
> I think that's fair.

(Doc. 31-1 at pgs. 40-41). In response, attorney Lewright basically asked for leniency for the Petitioner. (Doc. 31-1 at pgs. 41-42). Judge Green also incorrectly referenced the 1999 convictions:

> The case that we're here on today stems back to 1999, over 10 years ago, and at that time you – found guilty of possession of controlled substance with intent to deliver methamphetamine, two counts, felon in possession of a firearm and drug paraphernalia.

(Doc. 31-1 at p. 43). Judge Green revoked Petitioner's probation and sentenced Petitioner as follows:

> I'm going to heed the recommendation of the Prosecuting Attorney and sentence you to 40 years in the Department of Corrections with an additional 20-year sentence. Specifically it's 40 years on one of the possession of controlled substance with intent to deliver count[s]; on the second count it will be a 20 year sentence with an additional 20-year suspended sentence to follow. These two counts will run consecutively....

(Doc. 31-1 at p. 44).

On October 5, 2010, an Amended Judgment and Commitment Order in Case 1999-166-1 once again referred to Class Y felonies rather than Class C felonies, and reflected the pronounced sentence of 40 years on Count 1, and 20 years on Count 2, to run consecutively, totaling 60 years. (Doc. 31-1 at pgs. 61-62).

On October 4, 2010, in Case No. 2010-0125-1, Petitioner, who was represented by Mr. Lewright at this proceeding as well,

-6-

pleaded guilty to Counts One, Two and Three of the Amended Criminal Information (Possession with Intent to Deliver a Controlled Substance, Possession of Drug Paraphernalia, and Manufacturing a Controlled Substance). (Doc. 19-1). At the beginning of the hearing, in response to Judge Green's inquiry as to whether Petitioner was willing to waive certain rights by pleading guilty, the transcript notes a pause in the proceedings, then Petitioner responded: "I-I guess so, Your Honor. I'm scared, but – because I did this once before and it wasn't – didn't work out the way Judge Keith said it would....But I'm – so I'm going to move forward and say yes and then try and deal with the other issue later." (Doc. 19-1 at p. 2).

When Judge Green asked the prosecutor what the factual basis for the charges were, he responded that under count four (the habitual offender enhancement statute), Petitioner had four prior felonies, two of which were "possession of methamphetamine with intent to deliver. That subjects him to enhanced penalties for the new drug crimes doubling the time." The prosecutor concluded:

> Instead of it being 10 to 40 years, or life, it's 20 to 80 years, or life, and that constitutes count four.

(Doc. 19-1 at p. 4). Judge Green then asked Petitioner if the facts as stated by the prosecutor were true, to which Petitioner

-7-

said "You're asking me if I made methamphetamine and sold methamphetamine?" (Doc. 19-1 at p. 5). When Judge Green said "Yes, sir," Petitioner stated: "That's what I'm pleading guilty to here." (Doc. 19-1 at p. 5). Judge Green then stated:

> THE COURT: You're –- you're – I'm asking you if – if the facts, as stated by the prosecutor, is what happened. That you were in possession with the intent to deliver methamphetamine, that you had drug paraphernalia, that you manufactured methamphetamine and that you have prior convictions.
>
> (Pause in the proceedings.)
>
> THE DEFENDANT: Yes, ma'am.

(Doc. 19-1 at p. 5).

At the conclusion of the hearing, Petitioner asked Judge Green if he could ask one last question, to which the judge answered in the affirmative. Petitioner then stated:

> Defendant: That the last time I pled guilty, I went through the same thing then I wound up being in trouble for different charges, and I'm hoping that what we did here today is going to be the final say of what happens.
>
> The Court: I-I'm not – are you referring to a previous felony conviction?
>
> Defendant: Yeah. I was on probation for 10 years for three Class Y felonies and then–or three Class C felonies, and then on my revocation I was found guilty and sentenced on two Class Y felonies and I just want to make sure that doesn't happen again. That the papers I have in my hand show that I was – had pled guilty to three Class C felonies, but at my revocation hearing you found me guilty and sentenced me on two Class Y felonies.

-8-

Mr. Carter: Judge – Judge, Mr. O'Hagan – we've
been dealing with Mr. O'Hagan on this issue all
morning. His memory seems to be different than
all of the court records reflect.

Defendant: I have the papers right here.

Court: Well, Mr. O'Hagan, I was not the – the
judge at the time that you pled guilty to the
earlier felony. If – if you wanted, it may still
be possible to get a transcript of the time that
you pled guilty when the court reporter, like we
have Ms. Pierson here, takes down every word
that's said and so it may be worth your time and
money, if it's still available, to get the – the
transcript from when you pled guilty earlier, but
–

Defendant: Well, I just want to make sure that
doesn't happen to me now.

Court: Well, I've – I've signed the plea papers
that – that you-all have signed, so what – what
you've signed is what I just signed. I – I didn't
pull out – I don't have any secret drawer –

Defendant: I understand that, Your Honor. I – I'm
– I'm not – I'm just – this is one of the hardest
days of my life, Your Honor.

Court: I understand....

(Doc. 19-1 at pgs. 7-10).

On October 8, 2010, in the Judgment and Commitment Order entered in Case No. 2010-125-1, Petitioner was sentenced to a suspended sentence of 20 years on Count 1 (Possession with Intent to Deliver a Controlled Substance); a suspended sentence of 10 years on Count 2 (Possession of Drug Paraphernalia), and to 30 years on Count 3 (Manufacturing a Controlled Substance), with the sentences in Counts 1 and 2 to run concurrent to each

-9-

other but consecutive to the sentence for Count 3. (Doc. 1 at pgs. 35-39). It is also recited in the Judgment and Commitment Order that the State's Motion to dismiss one count of Proximity to Certain Facilities - Enhanced penalties, Ark. Code Ann. 5-64-411 (Count 5), was granted. (Doc. 1 at p. 38).

### DISCUSSION

### PETITIONER'S CLAIMS RE: 1999 CONVICTION

Counsel for both parties agree that with respect to **Case No. CR-1999-166-1**, the Court should enter an order directing the writ of habeas corpus shall issue unless, within 120 days of entry of this Court's dispositive order and judgment, the State of Arkansas initiates new revocation proceedings in Benton County Circuit Court Case No. CR-1999-166-1.

Accordingly, the undersigned recommends **GRANTING** Petitioner's Motion and **directing that with respect to Case No. CR-1999-166-1, the writ of habeas corpus shall issue and the sentence imposed be vacated, unless, within 120 days of entry of this Court's dispositive order, the State of Arkansas initiates new revocation proceedings in Benton County Circuit Court Case No. CR-1999-166-1.**

### PETITIONER'S CLAIMS RE: 2010 CONVICTIONS

In the Amended Petition, regarding the 2010 convictions, Petitioner raises the following claims for relief:

-10-

- **Petitioner'S Right to Effective Assistance of Counsel Under the Sixth and Fourteenth Amendment was violated:**

Petitioner alleges certain facts, detailed below, which he believes rendered his counsel's performance deficient, and argues that he was prejudiced by counsel's deficient performance because the outcome of the plea process would have been different had he received competent advice.

- **Petitioner's Due Process Rights were violated:**

Petitioner contends that it is a violation of due process to send a person to prison based on plea negotiations that were driven by an illegal sentence in a revocation proceeding. He contends his guilty plea was not voluntary, and must be vacated.

In response, Respondent continues to dispute that Petitioner is entitled to habeas corpus relief regarding his 2010 conviction, arguing that Petitioner's claims are procedurally defaulted and without merit. (Doc. 37). The undersigned directed the parties to file additional briefs on the impact of the case of Trevino v. Thaler, 133 S.Ct. 1911 (2013), with respect to the procedural default argument. Assuming that any procedural default was excused, the undersigned also directed the parties to address the issue of whether Petitioner was entitled to habeas relief on the grounds that his plea to the habitual drug offender enhancement lacked

-11-

a factual basis, given that Petitioner's Class C felonies did not render him eligible for this enhancement.

## Procedural Default

With respect to the procedural default issue, the undersigned has concluded that even if the procedural default was excused, Petitioner's habeas challenges to his 2010 convictions are without merit. Therefore, the undersigned finds it unnecessary to address the complicated procedural default issues. See Dodge v. Robinson, 625 F.3d 1014, 1017 (8th Cir. 2010) (declining to address the issue of procedural default because claims could be disposed of on merits); Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir. 1999) ("Although the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated.")

## Factual Basis for the Habitual Offender Enhancement

Petitioner argues that it is undisputed that the habitual drug offender enhancement under Ark. Code Ann. § 5-64-408, which was charged in Count 4 of the Amended Information, did not apply, given that his prior convictions were for simple possession of methamphetamine (Class C felonies), rather than possession with intent to distribute (Class Y felonies). Petitioner argues that in accepting his guilty plea to this

-12-

enhancement, the state trial court failed to comply with Rule 24.6 of the Arkansas Rules of Criminal Procedure, which requires that the court make "such inquiry as will establish that there is a factual basis for the plea."

A habitual criminal enhancement does not constitute a separate offense.  <u>See</u> <u>Pardue v. State</u>, 215 S.W.3d 650, 658 (Ark. 2005).  Thus, it is questionable whether the requirements of Rule 24.6 apply to the enhancement statute.  In any event, the failure to comply with state law does not establish that a prisoner is being held in violation of the laws or Constitution of the United States, which is a prerequisite for relief under § 2254.  <u>See</u> <u>Cranford v. Lockhart</u>, 975 F.2d 1347, 1349 (8th Cir. 1992).  A state's failure to abide by its own laws, however, may violate due process if the failure causes a deprivation of liberty.  <u>See</u> <u>id.</u>  In <u>Cranford</u>, the Eighth Circuit held that even if a violation of Ark. R. Crim. P. 24.6 occurred, the defendant was not denied due process because it was the defendant's voluntary act of pleading guilty that resulted in his deprivation of liberty.  <u>Id.</u>  As discussed below, the undersigned believes that Petitioner entered a knowing and voluntary guilty plea and, therefore, any error in establishing a factual basis for the enhancement does not violate due process.

-13-

## **Ineffective Assistance of Counsel**

Petitioner contends that attorney Lewright's performance was deficient because he failed to: move for funds to hire (or for an appointment of) a private investigator; investigate the facts of the crimes or to pursue cooperating-witness status for Petitioner; investigate Petitioner's actual criminal history and true exposure at sentencing; investigate the legality of Petitioner's revocation sentence which drastically impacted the plea negotiations for the 2010 case and the final sentence imposed; file a motion to suppress or motion in limine; and properly advise Petitioner as to whether he should challenge his revocation sentence or plead guilty to the 2010 case with a negotiated concurrent prison term but 20 years of a concurrent suspended sentence hanging over his head. (Doc. 31 at p. 9).

When a criminal defendant has pleaded guilty, he may not raise claims relating to pre-plea ineffective assistance of counsel. See Hanson v. Passer, 13 F.3d 275, 281 (8th Cir. 1994) (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)). The defendant may only attack the voluntary and intelligent character of the plea. See id. Thus, this Court need only address Petitioner's ineffective assistance of counsel claims as they relate to whether his guilty plea was knowing and voluntary.

-14-

"[T]he two-part <u>Strickland v. Washington</u>[, 466 U.S. 668 (1984),] test applies to challenges to guilty pleas based on ineffective assistance of counsel." <u>Lafler v. Cooper</u>, 132 S.Ct. 1376, 1384(2012).  The performance prong of <u>Strickland</u> requires a defendant to show that counsel's representation fell below an objective standard of reasonableness. <u>Id.</u>.  The prejudice prong requires a defendant to show that the outcome of the plea process would have been different with competent advice. <u>Id.</u> Specifically, a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

With regard to Petitioner's claims concerning counsel's failure to discover the error in the 2001 judgment and resulting failure to advise the Petitioner of the correct sentencing ranges he was facing, the undersigned finds it unnecessary to address whether counsel's performance was deficient, as Petitioner cannot demonstrate that he was prejudiced by counsel's performance.

Petitioner was misinformed that the habitual drug offender enhancement applied, which increased the potential penalties as follows:

> Counts I and III – the correct minimum sentence was 10 years on each count and the correct maximum sentence was 40 years or life on each count; with the incorrect application of the enhancement, the minimum

-15-

sentence increased to 20 years on each count and the maximum sentence increased to 80 years or life on each count. See Ark. Code Ann. § 5-64-401(a)(1)(A)(i) and 5-64-408(a).

Count II – the correct minimum sentence was 3 years and the correct maximum sentence was 10 years or life; with the incorrect application of the enhancement, the minimum sentence increased to 6 years and the maximum sentence increased to 20 years or life. See Ark. Code Ann. § 5-64-403(c) and 5-64-408(a).

With regard to the misadvice of counsel on the minimum sentence Petitioner was facing due to the incorrect application of the enhancement, a defendant is not prejudiced by the use of an incorrect minimum sentence when the sentence imposed is within the correct sentencing range and is substantially in excess of the incorrect minimum sentence. See McGee v. Higgins, 568 F.3d 832, 841 (10th Cir.), cert. denied, 558 U.S. 894 (2009). Petitioner was sentenced to 30 years imprisonment on Count III, a 20 year suspended sentence on Count I, and a 10 year suspended sentence on Count II. These sentences were all within the correct sentencing ranges set out above and the aggregate sentence was substantially in excess of the aggregate incorrect minimum sentence. Thus, Petitioner was not prejudiced by counsel's misadvice regarding the minimum sentence he was facing and this misadvice did not render his plea involuntary.

With regard to the misadvice of counsel on the maximum sentence Petitioner was facing due to the incorrect application of the habitual drug offender enhancement, even if misinformed

-16-

about the maximum possible sentence, a defendant's plea is not to be set aside as involuntary if he received a sentence less than the law permitted or less than the defendant was informed that the court could impose.  See Hill v. Estelle, 653 F.2d 202, 205 (5th Cir.), cert. denied, 454 U.S. 1036 (1981); see also Armstead v. Palokovich, 2009 WL 3572049 (E.D. Pa. October 23, 2009) (trial judge's misstatements regarding the aggregate sentences the defendant could receive did not improperly induce the defendant's guilty plea, as aggregate sentence of 20 to 40 years imprisonment was well below the correct maximum sentence of 52 years).  As set out above, Petitioner's sentence was within the correct sentencing range and it was less than his counsel incorrectly informed the court could impose.  Thus, Petitioner was not prejudiced by counsel's misadvice regarding the maximum sentence he was facing, and this misadvice did not render his plea involuntary.

Based on the foregoing, the undersigned concludes that Petitioner's claims of ineffective assistance of counsel in Case No. 2010-0125-01 are without merit and should be denied.

### Due Process

A guilty plea that is not voluntary and knowing violates due process.  Shafer v. Bowersox, 329 F.3d 637, 647 (8th Cir. 2003) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)).  At the plea hearing, Petitioner admitted that he committed the

-17-

offenses to which he was pleading guilty: being in possession of methamphetamine with intent to deliver, being in possession of drug paraphernalia, and manufacturing methamphetamine. For this reason and the reasons detailed above, counsel's misadvice to Petitioner regarding the sentencing ranges he was facing, which misadvice was based on the habitual drug offender enhancement being improperly applied to Petitioner, did not render Petitioner's guilty plea involuntary.

## CONCLUSION

In accordance with the foregoing, the undersigned hereby recommends that Petitioner's § 2254 Motion be **GRANTED in part and DENIED in part as follows:**

**1. As to Case No. CR-1999-166-1, the writ of habeas corpus should issue, unless, within 120 days of entry of this Court's dispositive order, the State of Arkansas initiates new revocation proceedings in Benton County Circuit Court Case No. CR-1999-166-1;**

**2. As to Case No. Cr-2010-125-1, the writ of habeas corpus should be denied.**

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

-18-

**The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 28th day of January, 2014.


s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-19-